UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
COURT FILE NO.: CV-

| | |
|---|---|
| **PASQUALE LONGORDO**<br>Plaintiff,<br><br>v.<br><br>**CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC,**<br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k and Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  This Court may assert supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 arising out of the same nucleus of operative facts.

2. This action arises out of Defendants' violations of the FDCPA, the TCPA, the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Collection Practice Act, ("MCPA") MCL 445.251 et seq, as well as for common law negligence in hiring and supervision of employees and invasion of privacy claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff, **PASQUALE LONGORDO**, is a natural person who resides in the County of Oakland, State of Michigan, and is protected under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt as referenced by 15 U.S.C. § 1692d.

5. Defendants, **CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC,** hereinafter "CREDITOR INTERCHANGE", are, based upon information and belief, one corporation and collection agency doing business as and operating under multiple assumed

names from an address of 11 Eighth Avenue, New York, New York, 10011, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant, JOHN DOE, is believed to be a natural person employed by CREDITOR INTERCHANGE as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). At all times relevant to the allegations in this complaint, John Doe acted as an agent for CREDITOR INTERCHANGE in attempting to collect a debt from Mr. Longordo.

## FACTUAL ALLEGATIONS

7. On or about January 13, 2009, on information and belief, Plaintiff, PASQUALE LONGORDO, in his own name, entered into a contract with Nissan Infinity Financial for a vehicle purchase and incurred a debt of $42,000.00, which was used for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Based upon information, belief and knowledge, sometime around February 2012, the alleged debt of Plaintiff, PASQUALE LONGORDO was consigned, placed or otherwise transferred to Defendant, CREDITOR INTERCHANGE, for collection.

9. In February 2012, the Defendant, CREDITOR INTERCHANGE, by and through its employee collectors, commenced a collection calling campaign utilizing an automated telephone dialing system (ATDS).

10. Based upon information and belief, CREDITOR INTERCHANGE made at least 23 automated calls Plaintiff, PASQAULE LONGORDO's cell phone, 248-840-1234, in violation of the TCPA's prohibitions on automated calls to cell phones, 47 U.S.C. 227(b).

11. Defendant CREDITOR INTERCHANGE, connected with Plaintiff on multiple live calls and Plaintiff informed Defendant that he did not have the funds available that that time, but that he would review his finances and get back to them about making a future payment.

12. Defendant, CREDITOR INTERCHANGE, on more than one occasion contacted Plaintiff multiple times per day.

*Illegal Collection Activities Begin in February 2012*

13. On or about February 2, 2012, the Defendant, CREDITOR INTERCHANGE, by and through its employee collectors, commenced a collection calling campaign utilizing an automated telephone dialing system (ATDS).

14. Plaintiff, PASQUALE LONGORDO, answered multiple calls from Defendant, CREDITOR INTERCHANGE.

15. During some of these "live" calls, Defendants were rude, demeaning and disrespectful in their attempts to collect a debt.

16. Defendant, CREDITOR INTERCHANGE, placed approximately 25 calls to Plaintiff during a period of two and a half months.

17. On February 2, 2012, Defendant, CREDITOR INTERCHANGE, placed 3 calls and left 2 voicemails in a matter of 4 minutes, from 9:16 a.m. to 9:20 a.m.

18. On multiple dates, Defendant, CREDITOR INTERCHANGE, placed multiple calls per day to Plaintiff.

19. Based upon information and belief, Plaintiff believes these calls were made with the use of an automated Telephone Dialing system, as a high percent of the calls which Plaintiff answered sounded automated and then were abandoned.

20. Further, there were delays and dead air after Plaintiff answered his cell phone leading him to believe the calls were "robo" dialed.

21. Further, Defendant failed to provide meaningful disclosure to Plaintiff, as to their identities as debt collectors.

*Respondeat Superior* **Liability**

22. The acts and omissions of Defendants and the individual debt collectors employed as agents by CREDITOR INTERCHANGE, who communicated with Plaintiff as described herein, were committed within the time and scope limits of their agency relationship with their principal, Defendant.

23. The acts and omissions by CREDITOR INTERCHANGE's agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by CREDITOR INTERCHANGE in collecting consumer debts.

24. By committing these acts and omissions against Mr. Longordo, CREDITOR INTERCHANGE's agents were motivated to benefit their principal, CREDITOR INTERCHANGE.

25. CREDITOR INTERCHANGE is therefore liable to Mr. Longordo through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, TCPA, MOC or alternatively MCPA, in their attempts to collect this debt from Mr. Longordo.

## JURY DEMAND

26. Mr. Longordo is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I

### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et Seq.

27. Mr. Longordo incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of CREDITOR INTERCHANGE constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

29. The allegations stated in this complaint constitute collection communications in violation of multiple provisions of the FDCPA, including but not limited to:

    a. § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person; and

    b. § 1692d(5). Caused the phone to ring or engaged any person in telephone conversations repeatedly;

    c. § 1692d(6). Failure to provide meaningful disclosure.

30. As a result of CREDITOR INTERCHANGE's' violations of the FDCPA, Mr. Longordo is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227

31. Mr. Longordo incorporates all of the above paragraphs by reference.

32. On information and belief, on multiple occasions from February 2, 2012 to April 12, 2012, CREDITOR INTERCHANGE "willfully" violated the TCPA by using an "automatic telephone dialing system" to contact Mr. Longordo on his cell phone without Mr. Longordo's express consent.

33. On multiple occasions, CREDITOR INTERCHANGE "willfully" violated the TCPA by using an "automatic telephone dialing system" and prerecorded messages to contact Mr. Longordo on his cell phone, despite Mr. Longordo's requests that Defendant stop calling his cell phone.

34. Defendant violated the provisions of the TCPA, 47 U.S.C. § 227(b).

35. As a result of these violations of the TCPA, Mr. Longordo is entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation

pursuant to 47 U.S.C. §227 et seq.; and treble damages ($1,500 per violation) 47 U.S.C. §427(b)(3).

## COUNT III

### Violations of the Michigan Occupational Code

36. Mr. Longordo incorporates all of the above paragraphs by reference.

37. CREDITOR INTERCHANGE is a "collection agency" as that term is defined in the Michigan Occupation Code ("MOC"), M.C.L. § 339.901(b).

38. Mr. Longordo, is a consumer as defined by the MOC and is a person whom the act was intended to protect. M.C.L. § 339.901(f).

39. CREDITOR INTERCHANGE has violated the following provisions of the MOC: M.C.L. § 339.915(n) by engaging in repeated calls to Mr. Longordo after Plaintiff told CREDITOR INTERCHANGE to stop these calls. The natural consequence of such repeated calling to a person who does not wish to be bothered and who has disputed the debt, is to harass the target of those calls.

40. Both Congress and the FTC agree that calls to cell phones are particularly bothersome because such calls can result in charges to the consumer or dangerous distractions when the consumer is driving.

41. CREDITOR INTERCHANGE's continued calls to Mr. Longordo after his requests that CREDITOR INTERCHANGE stop calling his cell phone, establishes that CREDITOR INTERCHANGE failed to implement a procedure designed to prevent a violation by its employees; in violation of M.C.L. § 339.915(q).

42. CREDITOR INTERCHANGE's foregoing acts in attempting to collect this debt against Mr. Longordo constitute violations of the Michigan Occupation Code.

43. Mr. Longordo has suffered damages as a result of these violations of the Michigan Occupation Code.

44. These violations of the Michigan Occupation Code were willful.

## COUNT IV

### Violations of the Michigan Collection Practices Act

### (Alternative to Count III)

45. Plaintiff incorporates the preceding allegations by reference.

46. Defendant CREDITOR INTERCHANGE and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the Michigan Collections Practices Act ("MCPA") MCL 445.251, et seq.

47. Plaintiff is a person whom the act was intended protect, MCL 445.251(d).

48. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Collections Practices Act.

49. Plaintiff has suffered damages as a result of these willful violations of the Michigan Collections Practices Act.

50. Defendant's violations of the Michigan Collections Practices Act were willful.

## COUNT V
### Common Law Negligence and Exemplary Damages

49. Plaintiff incorporates all preceding allegations by reference.
50. Defendants owed a duty to Plaintiff to conduct their business in a lawful, reasonable and prudent manner.
51. Defendants breached that duty.
52. The corporate Defendant negligently and/or wantonly hired, retained, and supervised incompetent debt collectors who abused the Plaintiff and is therefore responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages sustained by Plaintiff.
53. Plaintiff suffered damages proximately caused by Defendants' actions.
54. Defendants are liable for Plaintiff's damages.
55. Further Defendant has acted with extreme recklessness and indifference to the rights of plaintiff, which has resulted in plaintiff suffering humiliation, indignity, embarrassment and outrage as a direct result of the defendants' acts and omissions aforementioned.

56. Whether or not Defendants fulfilled the duty of care owed or acted with extreme recklessness and indifference to the rights of plaintiff is a question of fact. *Moning* v *Alfono*, 400 Mich 425 (1977).

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I

### Violations of the Fair debt Collection Practices Act 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

### COUNT II

### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227et seq.

- for an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;

- for an award of treble damages pursuant to 47 U.S.C. §227(b)(3);

### COUNT III

### Violations of the Michigan Occupational Code as Alternative to Claims under the Michigan Collection Practices Act

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and
- for such other and further relief as may be just and proper.

## COUNT IV

### Violations of the Michigan Debt Collection Practices Act (as Alternative to Claims under the Michigan Occupational Code)

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Debt Collections Practices Act violations in an amount to be determined at trial and for Plaintiff; and
- for such other and further relief as may be just and proper.

## COUNT V
### Common Law Negligence

- for an award of actual and exemplary damages from each and every Defendant for the emotional distress Plaintiff suffered as a result of Defendant's negligence, in an amount to be determined at trial and for Plaintiff; and
- for such other and further relief as may be just and proper.

1. *Accordingly, Mr. Longordo requests that the Court:*

    a. Grant statutory damages.

    b. Grant actual damages.

    c. Grant exemplary damages

    d. Grant punitive damages pursuant to the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Collection Practice Act, ("MCPA") MCL 445.251 et seq,

  e. Award costs and attorney fees.

Dated: March 19, 2013        Respectfully submitted,

              REX ANDERSON, PC

              /s/ Rex C. Anderson
              Rex C. Anderson, Attorney for Plaintiffs
              9459 Lapeer Rd. Ste. 101
              Davison MI 48423
              (810) 653-3300
              mied@rexandersonpc.com
              (P47068)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 19, 2013, the foregoing instrument was served on the following parties at their respective addresses:

Shawn Costanzo
President
111 Eighth Avenue
New York, NY 10011

Donald Felt
Compliance Director
80 Holtz Dr.
Cheektowaga, NY 14225

                 /s/   Kellye S. Smith
                 Legal Assistant to Rex Anderson